■ In the Matter of ALAN STARKE, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM, Respondent. [608 NYS2d 123] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Respondent ruled that petitioner did not sufficiently establish that he is permanently incapacitated from the performance of his duties as a custodian because of an accident sustained in the employment upon which his membership is based. Upon our review of the record, we conclude that there is substantial evidence to support that determination. Respondent also rationally concluded that there was insufficient evidence to establish that an accident sustained by petitioner aggravated a preexisting condition to the point where it became disabling.

Weiss, P. J., Mercure, White, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

■ In the Matter of the Claim of CUSTODIA DA CUNHA, Respondent, v CANTEEN COMPANY, Care of PEPSI COLA, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [608 NYS2d 123] —Appeals from a decision and an amended decision of the Workers' Compensation Board, filed December 30, 1991 and October 27, 1992, which, inter alia, ruled that claimant sustained a causally related total disability.

The Board's decision that claimant was totally disabled is supported by substantial evidence and should not be disturbed. It was within the Board's province to assess the credibility of the witnesses and any conflicting medical inferences were for the Board to resolve. The employer's remaining contentions have been examined and rejected as either unpersuasive or not properly preserved for our review.

Weiss, P. J., Crew III, Cardona, White and Casey, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.